Berry & Berry, Inc. v. North American Capacity Insurance Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# EXHIBIT A (Part One) to Defendant North American Capacity Insurance Company's Notice of Removal of Action Under 28 U.S.C. §1441(b)

Notice of Removal Exhibit A - (Part One):
*Plaintiff's Complaint*

Russell K. Ryan, #139835
MOTSCHIEDLER, MICHAELIDES, WISHON,
BREWER & RYAN, LLP
1690 West Shaw Avenue, Suite 200
Fresno, California 93711
Telephone (559) 439-4000
Facsimile (559) 439-5654

Attorneys for Plaintiff
BERRY & BERRY, INC.

FILED
MADERA SUPERIOR COURT
MAY 2 3 2011
BONNIE THOMAS CLERK
_____ DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| BERRY & BERRY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY, a New Hampshire corporation and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: **MCV 056212**<br><br>**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INJUNCTIVE RELIEF, RESTITUTION PURSUANT TO BUSINESS AND PROFESSIONS CODE §17200 AND DECLARATORY RELIEF** |

Plaintiff Berry & Berry, Inc. hereby alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Berry & Berry, Inc. ("**Plaintiff**") is, and at all times herein mentioned was, a corporation authorized to conduct business in the State of California, with its principal place of business in the County of Madera, State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant North American Capacity Insurance Company ("**Defendant**" or "**NAC**") is, and at all times herein mentioned was a corporation organized and existing under the laws of the State of New Hampshire, and is authorized to conduct, and is conducting business as an insurance company throughout the State of California, including the

MOTSCHIEDLER, MICHAELIDES, WISHON, BREWER & RYAN, LLP

{01506/0000//234953.DOC}    Complaint for Breach of Contract, etc.

1

1   County of Madera. The agreements referenced in this complaint were entered into and
2   to be performed in the County of Madera.

3   3.  Plaintiff alleges that Does 1 through 25 are insurers authorized to
4   conduct business in the State of California and Madera County. Plaintiff does not know
5   the true names and capacities of Defendants sued herein as Does 1 through 25,
6   inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will
7   amend this complaint to allege their true names and capacities when the same have been
8   ascertained. Plaintiff is informed and believes and thereon alleges that each of the
9   fictitiously named Defendants is responsible in some way for the occurrences herein
10  alleged and that Plaintiff's injuries are proximately caused by their misconduct. Plaintiff
11  is informed and believes and thereon alleges that at all times herein mentioned that each
12  of the Defendants was the agent, officer, servant, co-conspirator and/or employee of
13  each of the other Defendants, and was at all times herein acting within the scope and
14  purposes of such agency, conspiracy, and/or employment with the permission and
15  consent of their co-defendants and co-conspirators and that each Defendant has ratified
16  and approved the acts of the other Defendants.

17  4.  NAC issued commercial general liability policy number
18  BJG000016800, effective July 25, 2000 through July 1, 2001 (the "**NAC 2000 Policy**")
19  to Berry & Berry, Inc. A true and correct copy of the NAC 2000 Policy is attached
20  hereto as Exhibit A and incorporated as though fully set forth herein.

21  5.  NAC issued commercial general liability policy number
22  BJG000016801, effective July 1, 2001 through July 1, 2002 (the "**NAC 2001 Policy**")
23  to Berry & Berry, Inc. A true and correct copy of the NAC 2001 Policy is attached
24  hereto as Exhibit B and incorporated as though fully set forth herein.

25  6.  On or about November 19, 2008, a complaint was filed in the matter
26  entitled *Henry and Martha Arredondo, et al. v. Berry & Berry, Inc.*, Superior Court of
27  the State of California, Madera County Case No. MCV044586 alleging construction
28  defect causes of actions against Plaintiff as the general contractor and developer of

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

{01506/0000//234953.DOC}        Complaint for Breach of Contract, etc.

homes in several subdivisions in Madera, California. There are now 81 homes included in the action, and approximately 26 of those homes are covered under the NAC 2000 Policy and NAC 2001 Policy. On or about January 15, 2009, plaintiffs in *Arredondo* filed a first amended complaint asserting class action allegations of Violation of Civil Code Section 896, Violation of Civil Code Section 896 and 897, Negligence Per Se, Negligence, Breach of Implied Warranty, Breach of Express Warranty and Strict Liability.

7. Plaintiff tendered its defense and indemnity of the Arredondo Action to NAC as a named insured under the NAC 2000 Policy and the NAC 2001 Policy.

8. NAC informed Plaintiff that NAC could not provide a defense until Plaintiff had satisfied NAC's $10,000.00 per claim Self-Insured Retention amount ("**SIR**"). Although Plaintiff advised NAC that it had satisfied on $10,000.00 SIR, NAC informed Plaintiff that a $10,000.00 SIR had to be satisfied for each of the 81 homes in the litigation before NAC would provide for Plaintiff's defense or, at a minimum each of the homes expressly covered by the NAC 2000 Policy and the NAC 2001 Policy. Plaintiff has explained, both legally and factually, why NAC is required to provide a defense and indemnity under the policies as well as participate and, if appropriate, effect a settlement of the claims. This includes a discussion of the legal principles in which other courts have determined that NAC is required to provide a defense and indemnity to insured that were in precisely the same situation as Plaintiff now finds it including, without limitation, the published court of appeal case of *Clarendon v. North American Capacity Insurance Co.*, 186 Cal.App.4th 556 (2010). NAC flatly rejected and rebuffed Plaintiff's efforts.

9. Pursuant to the express and implied terms, provisions and conditions of the NAC 2000 Policy and the NAC 2001 Policy, NAC is obligated to defend and indemnity Plaintiff as to the allegations in *Arredondo* and any judgment that may subsequently be entered. NAC has wrongly, unlawfully and improperly rejected Plaintiff's tenders of defense denied its tender of defense of *Arredondo*, that NAC is

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

3

{01506/0000//234953.DOC}        Complaint for Breach of Contract, etc.

currently obligated to defend Plaintiff and that NAC has been obligated to defend Plaintiff since the satisfaction of the first $10,000.00 SIR.

10. As set forth above, NAC has failed to appropriately defend Plaintiff as to the claims and allegations contained in Arredondo and has improperly failed and refused to engage in settlement discussions and/or settle Arredondo within the limits of the insurance policies described above.

## FIRST CAUSE OF ACTION

### (Breach of Contract – NAC 2000 Policy)

11. Plaintiff incorporates herein by this reference paragraphs 1 through 10, above, as though fully set forth herein.

12. Plaintiff's commercial general liability policy forms a contract between Plaintiff and NAC and Does 1 through 25, inclusive.

13. Plaintiff is the named insured under the NAC 2000 Policy. Plaintiff has performed all terms and conditions required of it under the NAC 2000 Policy including, without limitation, paying all premiums due thereunder and fulfilling all conditions precedent to establish coverage for the claims set forth in *Arredondo*, except to the extent that Plaintiff was prevented or excused from performing by some act of commission and/or omission of Defendants as may be alleged herein..

14. Defendant NAC has breached the NAC 2000 Policy by engaging in the following conduct:

   a. Unreasonably withholding policy benefits by refusing to provide Plaintiff a defense and, where applicable, indemnity under the policy;

   b. Unreasonably failing to provide or pay policy benefits owed to Plaintiff;

   c. Unreasonably attempting enforce nonexistent contractual obligations in the policy to the detriment of Plaintiff.

   d. Unreasonably interpreting the policy terms to the detriment of Plaintiff and in doing so have breached their contractual obligations under the policy.

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

{01506/0000//234953.DOC}

4

Complaint for Breach of Contract, etc.

     e.    Failing and refusing to accept Plaintiff's tender of defense without a reservation of rights from Plaintiff in light of the allegations and facts extrinsic thereto;

     f.    Failing and/or delaying in providing Plaintiff its contractually bargained-for defense by alleging that there is no coverage under the policy until Plaintiff had satisfied NAC's $10,000.00 per claim SIR as unreasonably interpreted by NAC, which is $10,000.00 per each covered home in *Arredondo* instead of each covered claim (i.e., the *Arredondo* action), as expressly set forth in the policy before providing for Plaintiff's defense in that action.

     g.    Breaching the duty to participate in settlement discussions and settle *Arredondo* within the policy limits.

15. As a result of the NAC's breach of the agreement, Plaintiff has been forced to incur its own attorneys fees in defending Arredondo in an amount which has not yet been fully ascertained, but is believed to be well in excess of $100,000.00.

16. Furthermore, in prosecuting the instant action, Plaintiff has been forced to retain, and it has retained, the law firm of Motschiedler, Michaelides, Wishon, Brewer & Ryan LLP to prosecute this action. Plaintiff is incurring and entitled to reasonable attorneys' fees in prosecuting this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Breach of Contract – NAC 2001 Policy)

17. Plaintiff incorporates herein by this reference paragraphs 1 through 16, above, as though fully set forth herein.

18. Plaintiff's commercial general liability policy forms a contract between Plaintiff and NAC and Does 1 through 25, inclusive.

19. Plaintiff is the named insured under the NAC 2001 Policy. Plaintiff has performed all terms and conditions required of it under the NAC 2001 Policy including, without limitation, paying all premiums due thereunder and fulfilling all

MOTSCHIEDLER, MICHAELIDES, WISHON, BREWER & RYAN, LLP

5

{01506/0000//234953.DOC}   Complaint for Breach of Contract, etc.

conditions precedent to establish coverage for the claims set forth in *Arredondo*, except to the extent that Plaintiff was prevented or excused from performing by some act of commission and/or omission of Defendants as may be alleged herein..

20. Defendant NAC has breached the NAC 2001 Policy by engaging in the following conduct:

    a. Unreasonably withholding policy benefits by refusing to provide Plaintiff a defense and, where applicable, indemnity under the policy;

    b. Unreasonably failing to provide or pay policy benefits owed to Plaintiff;

    c. Unreasonably attempting enforce nonexistent contractual obligations in the policy to the detriment of Plaintiff.

    d. Unreasonably interpreting the policy terms to the detriment of Plaintiff and in doing so have breached their contractual obligations under the policy.

    e. Failing and refusing to accept Plaintiff's tender of defense without a reservation of rights from Plaintiff in light of the allegations and facts extrinsic thereto;

    f. Failing and/or delaying in providing Plaintiff its contractually bargained-for defense by alleging that there is no coverage under the policy until Plaintiff had satisfied NAC's $10,000.00 per claim SIR as unreasonably interpreted by NAC, which is $10,000.00 per each covered home in *Arredondo* instead of each covered claim (i.e., the *Arredondo* action) as expressly set forth in the policy before providing for Plaintiff's defense in that action.

    g. Breaching the duty to participate in settlement discussions and settle *Arredondo* within the policy limits.

21. As a result of the NAC's breach of the agreement, Plaintiff has been forced to incur its own attorneys fees in defending Arredondo in an amount which has not yet been fully ascertained, but is believed to be well in excess of $100,000.00.

MOTSCHIEDLER, MICHAELIDES, WISHON, BREWER & RYAN, LLP

6

{01506/0000//234953.DOC}   Complaint for Breach of Contract, etc.

22. Furthermore, in prosecuting the instant action, Plaintiff has been forced to retain, and it has retained, the law firm of Motschiedler, Michaelides, Wishon, Brewer & Ryan LLP to prosecute this action. Plaintiff is incurring and entitled to reasonable attorneys' fees in prosecuting this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing – NAC 2000 Policy and NAC 2001 Policy)

23. Plaintiff incorporates herein by this reference paragraphs 1 through 22, above, as though fully set forth herein.

24. NAC's 2000 Policy and NAC 2001 Policy contain implied covenants which obligate NAC to act in good faith and deal fairly with Plaintiff and to do nothing to impair or interfere with Plaintiff's rights under either policy.

25. NAC has breached the implied covenant of good faith and fair dealing arising out of the NAC 2000 Policy and the NAC 2001 Policy by engaging in the acts alleged above including, without limitation:

  a. Unreasonably withholding policy benefits by refusing to provide Plaintiff a defense and, where applicable, indemnity under the policy;

  b. Unreasonably failing to provide or pay policy benefits owed to Plaintiff;

  c. Unreasonably attempting enforce nonexistent contractual obligations in the policy to the detriment of Plaintiff.

  d. Unreasonably interpreting the policy terms to the detriment of Plaintiff and in doing so have breached their contractual obligations under the policy.

  e. Failing and refusing to accept Plaintiff's tender of defense without a reservation of rights from Plaintiff in light of the allegations and facts extrinsic thereto;

  f. Failing and/or delaying in providing Plaintiff its contractually bargained-for defense by alleging that there is no coverage under the

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

7

{01506/0000//234953.DOC}   Complaint for Breach of Contract, etc.

policy until Plaintiff had satisfied NAC's $10,000.00 per claim SIR as unreasonably interpreted by NAC, which is $10,000.00 per each covered home in *Arredondo* instead of each covered claim (i.e., the *Arredondo* action), as expressly set forth in the policy before providing for Plaintiff's defense in that action.

    g. Breaching the duty to participate in settlement discussions and settle *Arredondo* within the policy limits.

  26. The denial of benefits by NAC under Plaintiff's NAC 2000 Policy and NAC 2001 Policy was done by NAC without reasonable cause. NAC knew that a duty to defend was owed to Plaintiff, yet has unreasonably refused to provide such a defense without a reservation of rights. In addition, NAC knew that various policy benefits which were being withheld were owed to Plaintiff.

  27. As a direct result of the tortious conduct of NAC, Plaintiff was damaged and injured in an amount to be proved at trial, but is believed to be well in excess of $500,000.00.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief and Restitution Pursuant to Business and Professions Code §17200, et seq.)

  28. Plaintiff incorporates herein by this reference paragraphs 1 through 27, above, as though fully set forth herein.

  29. Business and Professions Code 17200, et seq., precludes an entity from engaging in unfair competition, defined as business practices which are unlawful, unfair, or fraudulent. Business and Professions Code §17203 permits the Court to issue injunctive relief.

  30. The actions of NAC in doing the actions alleged in the prior causes of action constitutes an unfair business practice under Business and Professions Code §17200, et seq.

  31. NAC has engaged in and continues to engage in unlawful and unfair claims practices as alleged herein including, without the limitation, denying insurance

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

{01506/0000//234953.DOC}

8

Complaint for Breach of Contract, etc.

coverage to Plaintiff under the insurance policies referenced above by alleging that there is no coverage under the NAC 2000 Policy and the NAC 2001 Policy until Plaintiff had satisfied NAC's $10,000.00 per claim SIR for each of the covered homes in the litigation before NAC would provide for Plaintiff's defense.

32. In doing so, NAC has wrongfully acquired monies from Plaintiff in the form of insurance premiums in exchange for the issuance of insurance policies like those discussed herein.

33. As a result, Plaintiff is entitled to restitution of the insurance premiums paid to Cross-Defendants for the NAC 2000 Policy and the NAC 2001 Policy.

34. Due to the ongoing nature of NAC's wrongful conduct, Plaintiff seeks injunctive relief prohibiting NAC from denying benefits to insureds, including Plaintiff, with covered claims solely based on an overbroad and unfairly interpreted policy clause and/or prohibiting NAC from withholding from Plaintiff its contractually bargained-for defense by alleging that there is no coverage under the NAC 2000 Policy or the NAC 2001 Policy until Plaintiff had satisfied NAC's $10,000.00 per claim SIR for each of the covered homes in the litigation before NAC would provide for Plaintiff's defense.

35. Plaintiff is informed and believes and thereon alleges that no adequate remedy at law lies for NAC and each of its continuing violations.

36. Granting the injunctive relief Plaintiff has requested will protect California residents and entities similarly situated as Plaintiff from the ongoing wrongful conduct of NAC, and Does 1 through 25, and each of them, and prevent further violations of Business and Professions Code §17200, et seq.

37. Granting the injunctive relief Plaintiff has requested will protect and benefit other California residents and entities who are policy holders of NAC who have experienced similar handling of their respective claims.

38. Pursuant to Code of Civil Procedure §1021.5, Plaintiff is entitled to reasonable attorneys fees and costs incurred in prosecuting this action. Plaintiff has

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

9

{01506/0000//234953.DOC}         Complaint for Breach of Contract, etc.

been forced to retain, and it has retained, the law firm of Motschiedler, Michaelides, Wishon, Brewer & Ryan LLP to prosecute this action.

### FIFTH CAUSE OF ACTION

### (Declaratory Relief)

39. Plaintiff incorporates herein by this reference paragraphs 1 through 38, above, as though fully set forth herein.

40. An actual controversy now exists between Plaintiff and NAC where Plaintiff contends that NAC is responsible for all of the damages allegedly suffered by Plaintiff in *Arredondo* because NAC has failed and/or delayed in providing Plaintiff its contractually bargained-for defense by alleging that there is no coverage under the NAC 2000 Policy and the NAC 2001 Policy until Plaintiff had satisfied NAC's $10,000.00 per claim SIR for each of the covered homes in the litigation before NAC would provide for Plaintiff's defense, while NAC claims it is not responsible for such damages.

41. Plaintiff desires a judicial determination as to the rights, duties and obligations of Plaintiff and NAC under the NAC 2000 Policy and the NAC 2001 Policy with respect to the claims set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

1. For damages according to proof for breach of contract of the NAC 2000 Policy, including costs of defense incurred by Plaintiff in its defense of the claims of the Arredondo Action in an amount to be proven at the time of trial;

2. For damages according to proof for breach of contract of the NAC 2001 Policy, including costs of defense incurred by Plaintiff in its defense of the claims of the Arredondo Action in an amount to be proven at the time of trial

3. For general damages and compensatory damages according to proof;

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

{01506/0000//234953.DOC}

10

Complaint for Breach of Contract, etc.

4. For attorneys fees incurred in obtaining policy benefits, as provided by law, in an amount to be proved at time of trial;

5. For prejudgment interest pursuant to Civil Code §3287 and/or any other provision of law providing for prejudgment interest, in an amount to be proved at time of trial;

6. For punitive damage in an amount sufficient to deter and make an example of NAC;

7. For a permanent injunction under the fourth cause of action enjoining NAC and its agents, successors, employees and those acting in concert with it from engaging in each of the unlawful practices, policies, usages and customs set forth herein;

8. For attorneys fees in bringing the claim on the fourth cause of action for injunctive relief as provided for in Business and Professions Code §17200, et seq.;

9. For an award of restitution on the fourth cause of action to all persons or entities who were injured as a result of the unlawful practices, policies, usages and customs set forth herein;

10. For costs of suit;

11. For such other and further relief as the Court may deem just and proper.

Dated: May 23, 2011

MOTSCHIEDLER, MICHAELIDES,
WISHON, BREWER & RYAN, LLP

By: /s/ Russell K. Ryan
Russell K. Ryan, Attorneys for
Plaintiff Berry & Berry, Inc.

MOTSCHIEDLER, MICHAELIDES, WISHON, BREWER & RYAN, LLP

11

{01506/0000//234953.DOC}   Complaint for Breach of Contract, etc.